**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                      :
JACQUELINE KUSHNER and                :   CIVIL ACTION NO. 10-5490 (MLC)
LARRY KUSHNER,                        :
                                      :
     Plaintiffs,                      :          O P I N I O N
                                      :
     v.                               :
                                      :
HSBC BANK, USA NATIONAL               :
ASSOC., et al.,                       :
                                      :
     Defendants.                      :
                                      :
```

**THE PLAINTIFFS**, who are pro se, apply for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon the plaintiffs' current financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against defendants who are immune from such relief.

**THE PLAINTIFFS** bring this action ("Federal Action") against the defendants listed as (1) HSBC Bank, USA National Assoc., also listed as HSBC Bank USA National Association ("HSBC"), (2) Americas Servicing Company, (3) Phelan Hallinan & Schmieg

("PHS"), which is a law firm, (4) Rose Marie Diamond, who is listed as being an attorney with PHS, and (5) the Hon. Thomas W. Cavanaugh of New Jersey Superior Court, Monmouth Vicinage, Chancery Division.  (Dkt. entry no. 1, Compl. at 1-2.)

**THE PLAINTIFFS** bring the Federal Action pursuant to Section 1331 concerning the alleged violation of their constitutional rights in a dispute over a mortgage on their property ("Mortgaged Property"), on which a sheriff's sale is imminent.  (See Compl.) The plaintiffs admit that (1) HSBC brought a foreclosure action against them in state court concerning the Mortgaged Property ("State Foreclosure Action"), (2) Judge Cavanaugh has entered an order in the State Foreclosure Action granting summary judgment against them, (3) Judge Cavanaugh continues to oversee the State Foreclosure Action, (4) PHS and Diamond represent certain parties in the State Foreclosure Action, and (5) an appeal before the New Jersey Appellate Division is pending in the State Foreclosure Action.  (Compl. at 2-5; dkt. entry no. 1, Certification of Larry Kushner at 4-5.)  They request that "this sale be cancelled and the judgment vacated".  (Compl. at 4; see dkt. entry no. 1, Mem. of Law at 5 (seeking to "stay enforcement of this judgment").)

**THE PLAINTIFFS** are attempting to avoid an order in the State Foreclosure Action.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of

2

Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  Indeed, the plaintiffs have brought an appeal in the State Foreclosure Action.

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action.  See Moncrief v. Chase Manhattan Mtge. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state-court judgment); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (instructing district court to dismiss complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

**THE STATE FORECLOSURE ACTION** also is ongoing. A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). This Court cannot interfere with the ongoing State Foreclosure action. See Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint filed in connection to ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning ongoing state foreclosure action, inter alia, as barred by Younger abstention).

**THE FEDERAL ACTION** is also barred by the doctrines of res judicata, collateral estoppel, and immunity.[1]  Res judicata, or claim preclusion:

> will bar a suit if (1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action . . . arise from the same transaction or occurrence as the claims in the first one.

---

[1]  The Court can sua sponte address affirmative defenses when a plaintiff proceeds under Section 1915. Ezekoye v. Ocwen Fed. Bank, 179 Fed.Appx. 111, 114 (3d Cir. 2005).

Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995). Thus, under res judicata, a judgment is given "preclusive effect" by "foreclosing litigation of matters that should have been raised in an earlier suit". Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984). As a result, a judgment "foreclos[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit". Id.

**ALL OF THE COMPONENTS** of res judicata may be satisfied here, as (1) the state court in the State Foreclosure Action has issued an order or judgment, which would be valid, see Flood v. Braaten, 727 F.2d 303, 308 (3d Cir. 1984) (stating judgment that is final and thus res judicata in one state's courts will be given full faith and credit by all other United States courts), (2) the plaintiffs are parties to the State Foreclosure Action, and the defendants in the Federal Action are parties, or in privity with those involved, in the Sate Foreclosure Action, and (3) the claims in the Federal Action arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action. See Moncrief, 275 Fed.Appx. at 153-54 (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye, 179 Fed.Appx. at 113 (dismissing appeal as frivolous — in federal action concerning state foreclosure

5

proceeding — from order dismissing claims that were and could have been raised against bank and its employees, who were not all parties to state proceeding, based on res judicata); Ayres-Fountain, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning state foreclosure action, inter alia, as barred by res judicata).

> **COLLATERAL ESTOPPEL,** or issue preclusion:
>
> proscribes relitigation when the identical issue already has been fully litigated. [It] may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question.

Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund v. Centra, 983 F.2d 495, 505 (3d Cir. 1992).  All of the components of collateral estoppel may be satisfied here, as (1) the issues related to the foreclosure on the Mortgaged Property were adjudicated in the State Foreclosure Action, (2) any order or judgment would be final and on the merits, (3) the plaintiffs were parties in the State Foreclosure Action, and (4) the plaintiffs would have had a full and fair opportunity to litigate these issues.  See Ezekoye, 179 Fed.Appx. at 113-14 (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims against

6


bank's counsel for allegedly securing unlawful judgment as barred by estoppel).

**THE FEDERAL ACTION** is also barred under the immunity doctrine, as Judge Cavanaugh's alleged conduct concerns judicial acts.  Judges and state courts cannot be held civilly liable for judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

**THE PLAINTIFFS** applied for emergent relief upon filing their Complaint in the Federal Action.  (See dkt. entry no. 1, Appl. for Temporary Restraints.)  The Court finds that they are unlikely to succeed on the merits, as the Court is dismissing the Complaint.  See Fed.R.Civ.P. 65; see also L.Civ.R. 65.1 (stating no order to show cause to bring on matter for hearing will be granted except on clear and specific showing of good and sufficient reasons why procedure other than by notice of motion is necessary).  The application for emergent relief will be denied.

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:    October 25, 2010